**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAROLYN BETTY-LOES GUSKE,<br><br>   Plaintiff,<br><br>v.<br><br>Tinfoil painting,<br><br>   Defendant. | Case No. 26-cv-01715<br><br>**Judge Lindsay C. Jenkins** |

**ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

  Plaintiff CAROLYN BETTY-LOES GUSKE ("Guske" or "Plaintiff) filed an *Ex Parte* Motion for Entry of An Order for leave to conduct Expedited Discovery and Service of Process by E-mail and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce store operating under the seller alias identified in Amended Schedule A to the Complaint and attached hereto (the "Defendant") and using at least the online marketplace account identified in Amended Schedule A (the "Defendant Internet Store"). After reviewing the Motion and the accompanying record, this Court GRANTS Guske's Motion as follows.

  This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Guske has provided a basis to conclude that Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using at least one seller alias, offers shipping to the United States, including Illinois, and has sold products using infringing versions of Guske's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-456-068 (the "Carolyn Guske Work") to residents of Illinois. This Court also finds that issuing this

1

Order without notice pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure is appropriate because Guske has presented specific facts in support of the Motion clearly showing that Plaintiff will be otherwise unable to properly serve Defendant without the requested leave. Specifically, an *ex parte* Order for discovery of Defendant's financial accounts and e-mail addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case. Accordingly, this Court orders that:

1. The Court authorizes Plaintiff to serve third-party discovery on an expedited basis, with responses due not less than 10 days after service. The requests shall be proportional to the immediate needs of the case. See Fed. R. Civ. P. 26(b)(1). For example, a request for "documents sufficient to show X" is better than a request for "all documents showing X." Plaintiff shall con-sider what documents it genuinely needs at this early stage and shall consider the burden on third parties. Plaintiff shall work cooperatively with third parties impacted by this Order and make reasonable, good faith efforts to ease the burdens imposed by Plaintiff's request for expedited discovery.

2. Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing:

    a. The identity and location, including contact information, its true name and physical address, and all associated e-mail addresses, of Defendant;

    b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Store, and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history;

3. Plaintiff may provide notice of the proceedings in this case to Defendant, including notice of this Order and any hearings, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to any e-mail addresses provided for Defendant by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Tinfoil painting" that shall apply to Defendant. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford it the opportunity to present its objections.

_____
Lindsay C. Jenkins
United States District Judge

Dated: 3/4/2026

**Amended Schedule A**

| No. | Defendant |
|-----|-----------|
| 1   | Tinfoil painting |